IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HENRY JAMES WIMBERLY, JR.,**

    Petitioner,

vs.                                         Case No. 4:06cv229-RH/WCS

**WARDEN, GEORGIA DIAGNOSTIC
CENTER and SECOND JUDICIAL
CIRCUIT, LEON COUNTY,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Doc. 1 (comprised of three sections, filed as docs. 1-1, 1-2 and 1-3). Leave to proceed in forma pauperis was granted, the petition was served on Respondent Warden and the State Attorney for the Second Judicial Circuit, and a response was required. Doc. 4 (incorporated herein by reference). Petitioner was given the opportunity to file a reply, but was not required to do so, and he has not. *Id.*

The order to show cause discussed a number of problems with the petition, and is incorporated herein by reference. Doc. 4. As noted there, Petitioner has a civil rights case pending in this court, and a civil rights case and habeas corpus petition pending in the Middle District of Georgia. *Id.*, pp. 1-7. The cases rely on similar facts. *Id.*, pp. 3-6.

Respondent was directed to address these concerns, and "also address whether this cause should be permitted to proceed at the same time as two civil rights cases (one in Georgia and one in this district) and a separate habeas case (in Georgia) based on related facts." *Id.*, pp. 8-9 (footnote omitted).

Respondent filed an amended response to the order to show cause. Doc. 6. Respondent has not addressed the other cases, but asserts that the petition should be dismissed for three reasons: Petitioner's arrest and search were legal, he cannot overcome the abstention hurdles of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and because Petitioner's claims should be raised in a pretrial evidentiary motion rather than a federal habeas corpus petition. *Id.*, pp. 2-4. Petitioner did not file a reply, and the matter is now ready for ruling.

As noted in the show cause order, Petitioner is being held in Georgia custody, and complains that his Florida fugitive and extradition warrants are illegal. Doc. 4, p. 2. He states that it would be illegal and violate due process to bring him across state lines to Florida. *Id.*, pp. 2-3. He alleges that Leon County Detective Knight caused his arrest and illegal search of his premises in Dougherty County, Georgia, on January 20, 2005, so that he could bring up the illegal fugitive warrant from Florida. *Id.*, p. 3 (quoting the petition at pp. 3-4). The court found § 2241 was the appropriate avenue of relief as Petitioner had not yet been convicted of the Florida charges, and found that Petitioner was mainly challenging the Florida detainer and warrant for extradition. *Id.*, pp. 2, 7-8. It was noted that Petitioner could challenge his extradition to Florida in the courts of the asylum state, i.e., Georgia. *Id.*, pp. 7-8 and 9.

From the exhibits discussed in the show cause order, and the exhibits provided with the amended response, it is now clear that Petitioner was arrested in Georgia on Georgia charges. Doc. 4, pp. 3-5 and n. 3; doc. 12, pp. 6-19 (exhibits).[1] He is not in custody solely due to the Florida detainer, and does not seek relief by writ of habeas corpus prior to trial.

There is a "national policy forbidding federal courts to stay or enjoin pending state proceedings except under special circumstances." Younger, 401 U.S. at 41, 91 S.Ct. at 749 (footnote omitted); see also Kugler v. Helfant, 421 U.S. 117, 123, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975) (the Court in Younger "unequivocally reaffirmed 'the fundamental policy against federal interference with state criminal prosecutions,' " quoting Younger).[2] "Accordingly, the [Younger] Court held that in the absence of exceptional circumstances creating a threat of irreparable injury 'both great and

---

[1] For the offense of deposit account fraud, for a $30.87 check written to Jack Rabbit Foods on April 5, 2003, an "accusation" was filed on January 25, 2005, the same date Petitioner entered a guilty plea and was sentenced. Doc. 12, pp. 7-11. The citation was issued on June 11, 2003, and the arrest warrant issued on July 1, 2003. Id., p. 9. The case number was 05SR163 (pp. 7, 8, 11), and the warrant number was 03BC0705. Id., p. 9. Three charges of deposit account fraud, assigned different warrant numbers (01BW0694, 02BW0375, and 01BW0545), were dismissed by the prosecutor on January 25, 2005, because the statute of limitations had expired. Id., p. 12. See also pp. 14 and 16 (warrant numbers 02BW0375 and 01BW0694, respectively). Warrants were also issued in Thomas County, Georgia; one on December 31, 2002, and two on December 16, 2002. Id., p. 17-19.

[2] Because the holding in Younger was based on the absence of necessary equitable factors, the Court did not consider whether 28 U.S.C. § 2283 "would in and of itself be controlling under the circumstances of this case." Id., at 54, 91 S.Ct. at 755. As later explained by the Court, the policy discussion in Younger would have been completely unnecessary if § 2283 had been an absolute bar to an injunction. Mitchum v. Foster, 407 U.S. 225, 230-231, 92 S.Ct. 2151, 2155-56, 32 L.Ed.2d 705 (1972).

immediate,' a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." 421 U.S. at 123, 95 S.Ct. at 1530.

> Although the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute "irreparable injury" in the "special legal sense of that term," the Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," or where there exist other "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." In [a companion case to *Younger*] the Court explained that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."
>
> The policy of equitable restraint expressed in *Younger v. Harris*, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights. Only if "extraordinary circumstances" render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process.

421 U.S. at 123-124, 95 S.Ct. at 1530-31 (citations to Younger and other citations omitted); *see also* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263, n. 7 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005) (quoting this language from Kugler).

In Kugler, even accepting as true the allegation that members of the state supreme court were involved in coercing the accused's grand jury testimony, these facts did not fit "within any exception to the basic *Younger* rule." 421 U.S. at 125-126, 95 S.Ct. at 1531.

Petitioner here complains of the arrest and search in Georgia, caused by a Leon County detective, without an arrest warrant or search warrant. There clearly was a warrant for Petitioner's arrest. *Supra*, n. 1. Moreover, challenges to arrests and searches are adjudicated all the time in criminal cases. If allegations of such misdeeds by law enforcement alone were sufficient to demonstrate "proven harassment" or a "bad faith" prosecution, Younger would be without force in the many cases where an arrest or search is at issue. Petitioner has not shown extraordinary circumstances which would render the Florida court incapable of a full and fair adjudication of this or any other issue Petitioner might raise as a defense. Abstention is appropriate under Younger.

Finally, there is no indication that Petitioner has exhausted state remedies.

> One of the weightiest of state interests is that favoring speedy, efficient, and uninterrupted disposition of criminal cases. Because of this critical state interest, we have held that federal courts should abstain from exercising their jurisdiction when the effect thereof would be to disrupt ongoing state proceedings. Similarly, the statutory exhaustion requirement found in the habeas statute, 28 U.S.C. § 2254, reflects a recognition that federal habeas courts should not disrupt ongoing state proceedings. . . . The state process should be permitted to proceed in an uninterrupted fashion before federal habeas review comes into play.

Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 332-337, 104 S.Ct. 1805, 1825-28, 80 L.Ed.2d 311 (1984) (J. Stevens, concurring in part and concurring in the judgment) (citing Younger, other citations and footnotes omitted).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging the detainer filed against Petitioner by the State of Florida, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**